# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3775

_____

United States of America

*Plaintiff - Appellee*

v.

Tavon Tarrell Timberlake

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 15, 2020
Filed: September 11, 2020
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Tavon Timberlake pleaded guilty to failing to surrender for service of sentence in violation of 18 U.S.C. § 3146(a)(2), (b)(1)(A)(ii). The district court[1] imposed a 36-month sentence. Timberlake appeals.

In their plea agreement, the parties agreed on Timberlake's offense level but noted "that the defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report [PSR] and by the arguments made by the parties at the time of sentencing." According to the agreement, the government believed Timberlake's criminal history category was VI, whereas Timberlake believed it was V. Depending on the final calculation, the parties anticipated the Guidelines range would be either 18 to 24 months' or 21 to 27 months' imprisonment.

The United States Probation Office, however, recommended a higher Guidelines range than either party anticipated. The PSR calculated a criminal history category VI but also recommended a 3-level enhancement pursuant to United States Sentencing Guidelines § 3C1.3 because Timberlake committed the instant offense while he was on release. See USSG § 3C1.3 ("If a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels."); 18 U.S.C. § 3147 (providing an additional penalty for "an offense committed while released under this chapter"). The PSR's recommended Guidelines range was 30 to 37 months' imprisonment.

The government subsequently moved for an upward departure to 36 months' imprisonment based on underrepresented criminal history. See USSG § 4A1.3. The government explained that the 3-level enhancement recommended in the PSR was "inconsistent with the [plea] Agreement" and agreed that "it is bound by the terms of

_____

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

the Agreement." Thus, it sought an upward departure to reach a sentence of 36 months. Timberlake did not file a written opposition to the motion, but defense counsel did "aptly point[] out" to the government that it was bound by the terms and conditions of the plea agreement. The government withdrew its motion at sentencing.

Timberlake did not file written objections to the PSR but stated in his Position Regarding Sentencing that a § 3C1.3 enhancement "makes no sense" because Timberlake could not be convicted of failure to surrender for service of sentence unless he was on release under supervision. At sentencing, defense counsel expressly conceded that "the law supports the [3-level] enhancement" and requested a downward variance instead. The district court rejected Timberlake's request and sentenced him to 36 months' imprisonment with two years of supervised release. It noted that "[e]ven if the guidelines were without the three-level enhancement that has been applied here, I would find that 36 months is appropriate."

On appeal, Timberlake first argues the government breached the plea agreement by moving for an upward departure. Because Timberlake did not raise this argument below, we review the issue for plain error. See Puckett v. United States, 556 U.S. 129, 135 (2009) (standard of review). Under plain error review, Timberlake must show (1) an error (2) that is plain and (3) that affects his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). We will exercise our discretion to correct such an error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (cleaned up).

Assuming without deciding that the government breached the plea agreement by filing and then withdrawing a motion for upward departure, the district court did not commit plain error. The uncontested Guidelines range was 30 to 37 months' imprisonment, and it is not plain that the district court erred in sentencing Timberlake to a within-range sentence of 36 months. Further, there is no indication that the government's motion affected Timberlake's substantial rights. Timberlake fails to

provide any evidence that the district court selected 36 months based on the government's withdrawn motion rather than on permissible sentencing factors. See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) ("The defendant has the burden of proving plain error . . . .").

Next, Timberlake contends that the district court improperly applied the 3-level enhancement pursuant to § 3C1.3. Whatever its relative merits, Timberlake waived this argument when he conceded below that "the law supports the enhancement." By agreeing with the district court that he was not making "an objection to the guideline calculation" but instead was requesting a variance based on "the way [the enhancement] applies in this case," Timberlake intentionally relinquished or abandoned his right to challenge the application of the enhancement. See United States v. Harrison, 393 F.3d 805, 806 (8th Cir. 2005) (defining waiver as "the intentional relinquishment or abandonment of a known right" (cleaned up)).

We affirm the judgment of the district court.

_____